IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN K. DELANEY,**

        **Plaintiff,**

v.         **CASE NO. 21-3056-SAC**

**JEFF ZMUDA, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on eight (8) motions. First, Defendants have filed a Motion for Reconsideration (ECF No. 8) asking the Court to reconsider its Order granting Plaintiff leave to proceed *in forma pauperis* (ECF No. 3). Defendants argue that Plaintiff has accumulated at least three strikes and is therefore not eligible for *in forma pauperis* status in the absence of imminent danger. Plaintiff has filed several responses to the motion (*see* ECF Nos. 9, 11, 19, and 20). Having considered the motion and responses, the Court grants the motion for the reasons discussed below and directs Plaintiff to pay the full filing fee before the case will proceed.

Under the "three-strikes" provision of 28 U.S.C. § 1915(g), a plaintiff who "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff has at least 3 strikes: (1) *Delaney v. Lansing Correctional Facility*, No. 13-3009-

1

SAC, (D. Kan. Feb. 27, 2013) (dismissed as legally frivolous and strike explicitly assessed); (2) *Delaney v. Lansing Correctional Facility*, No. 13-3020-SAC (D. Kan. Feb. 27, 2013) (dismissed as legally frivolous and strike explicitly assessed); and (3) *Delaney v. Thompson*, No. 18-3037-SAC (D. Kan. Jan. 3, 2020), *aff'd* No. 20-3001 (10th Cir. July 7, 2020) (dismissed as time-barred). As Defendants point out, a dismissal on the basis that the allegations are barred by the statute of limitations is a dismissal for failure to state a claim and a strike under § 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).

Plaintiff argues that *Thompson* should not count as a strike because it was dismissed without prejudice and because the Court did not explicitly assess a strike against him. In their Reply, Defendants address Plaintiff's arguments. The fact that *Thompson* was dismissed without prejudice is irrelevant. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) (finding § 1915(g) applies to dismissals issued both with and without prejudice). Moreover, there is no requirement in the statute that a court affirmatively state it is assessing a strike, nor has Plaintiff cited any authority for requiring explicit assessment.

Plaintiff next argues that he meets the exception for imminent danger of serious physical injury. He asserts that even though he has already been infected with Covid-19 and recovered and has received at least one dose of the vaccine, there remains a possibility that he could be re-infected or infected with a variant.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). Plaintiff's "speculation about the mere possibility that he will become [re-]infected by the virus does not

constitute imminent danger." *Knox v. Bowen*, No. CIV-20-988-PRW, 2020 WL 8084999, at *2 (W.D. Okla. Nov. 23, 2020), *report and recommendation adopted,* No. CIV-20-00988-PRW, 2021 WL 111867 (W.D. Okla. Jan. 12, 2021), quoting *Paige v. Washington*, 2020 WL 4558735, at *6 (W.D. Mich. Aug. 7, 2020).  *See also Cole v. Nieman*, 2020 WL 5545398, at *3 (D. Neb. Sept. 16, 2020) ("Plaintiff's allegations of potential exposure to COVID-19 do not demonstrate an imminent danger of serious physical injury to avoid the three strikes bar of § 1915(g)."); *Brooks v. Harris Cty. Sheriff's Office*, 2020 WL 5096527, at *1 (S.D. Tex. Aug. 28, 2020) ("Although he expresses a general fear based on the coronavirus, general allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." (internal quotation marks omitted)); *Talbert v. Well Path*, 2020 WL 4815828, at *1 (E.D. Pa. Aug. 19, 2020) ("Rank speculation of contracting COVID-19 does not constitute imminent danger of serious physical injury to meet Congress's exception to the filing bar under 28 U.S.C. § 1915(g) and to proceed without paying the filing fees.").

The Court has examined the Complaint, attachments, and supplements filed by Plaintiff and finds no showing of imminent danger of serious physical injury.  "Plaintiff's vague allegations of future potential harm do not fulfill the imminent-danger requirement."  *Knox*, 2020 WL 8084999, at *3 (citing *Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012) (holding plaintiff's allegations of "things that have happened in the past, or that he fears will happen in the future," did "not fulfill the imminent-danger requirement")).  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed *in forma pauperis* in this civil action.  Plaintiff has 30 days to pay the filing fee, and the case is stayed pending payment.

In addition, Plaintiff has filed three motions to supplement the Complaint (*see* ECF Nos. 6, 12, and 18). In each instance, Plaintiff seeks to add exhibits and documentation in support of his claims. The motions are granted.

Plaintiff has also filed a motion for issuance of summons (ECF No. 21) inquiring about serving Nancy Lamkin, a named defendant. Because the case may not proceed unless and until Plaintiff pays the filing fee, this motion is denied at this time without prejudice to Plaintiff refiling if necessary.

Defendants have filed a motion for extension of time (ECF No. 24) to file the *Martinez* Report ordered by the Court. The report is currently due June 4, 2021, and Defendants request a 60-day extension. For good cause shown, the motion is granted. If Plaintiff pays the filing fee within the time provided by the Court, the *Martinez* Report shall be due 60 days from the date of payment.

Finally, Plaintiff has filed a motion for default judgment (ECF No. 25) and a motion for contempt on all named defendants (ECF No. 26). Both motions are denied. Plaintiff miscalculated the date the *Martinez* Report was due.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Reconsideration (ECF No. 8) is **granted**. The Order granting Plaintiff leave to proceed *in forma pauperis* (ECF No. 3) is **vacated**. Plaintiff is granted to and including **June 26, 2021**, to submit the full filing fee of $402.00. This action is stayed until the statutory filing fee is satisfied. Failure to comply with this Order may result in the case being dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's motions to supplement the Complaint (ECF Nos. 6, 12, and 18) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for issuance of summons (ECF No. 21), motion for default judgment (ECF No. 25) and motion for contempt (ECF No. 26) are **denied**.

**IT IS FURTHER ORDERED** that Defendants' motion for extension of time (ECF No. 24) is **granted**. The *Martinez* Report shall be due 60 days from the date the statutory filing fee is satisfied.

**IT IS SO ORDERED.**

**DATED: This 26th day of May, 2021, at Topeka, Kansas.**

<pre>
                              s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
</pre>