IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN K. DELANEY,**

                **Plaintiff,**

v.                                            **CASE NO. 21-3056-SAC**

**JEFF ZMUDA, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on three (3) motions filed by Plaintiff: 1) Motion to Supplement Complaint (ECF No. 30); 2) Motion for Reconsideration (ECF No. 31); and 3) Motion for Authorization to Pay Filing Fees in Installments (ECF No. 32).

**1) Motion to Supplement Complaint (ECF No. 30)**

Plaintiff titled the motion "Memorandum in Support of Plaintiff's Civil Rights Complaint." The memorandum, in addition to argument supporting the Complaint, includes several attached documents. To the extent the filing is a motion to supplement, it is granted.

**2) Motion for Reconsideration (ECF No. 31)**

Plaintiff asks the Court to reconsider its order granting the KDOC an extension of time to file the *Martinez* Report and denying Plaintiff's motion asking that Defendants be held in contempt. Plaintiff's motion is denied.

**3) Motion for Authorization to Pay Filing Fees in Installments (ECF No. 32)**

1

Plaintiff asks the Court to allow him to pay the filing fee in two installments, the first due within 14 days and the second due within 6 months of the order granting his motion. Plaintiff's motion is denied. Granting the motion would effectively allow Plaintiff to circumvent the three-strikes provision of 28 U.S.C. § 1915(g). To the extent the case cited by Plaintiff, *Dudley v. United States*, 61 Fed. Cl. 685 (2004), suggests a court has discretion to allow a three-strikes litigant to pay the filing fee in installments, the Court declines to exercise such discretion.

Plaintiff further requests that if his motion is denied, he would like to voluntarily dismiss the case. The Court must construe liberally the ECF No. 32 because Mr. Delaney submitted the motion on his own behalf. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court construes ECF No. 32 liberally as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response to the Complaint has been filed by the defendants in this action. A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See Hyde Constr. Co. v. Koehring Co.,* 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See id*.

In his motion, Plaintiff also states that he "reserves his right to refile the action within the two year statute of limitations, on or before January 6, 2023." By construing Plaintiff's motion as a notice of voluntary dismissal, the Court makes no judgment regarding when the statute of limitations for the claim Plaintiff raises in this action would expire.

Plaintiff also asks the Court to order the defendants to preserve all records and documentation related to his claim. The Court declines to issue a specific order but reminds

Defendants that "[p]utative litigants are under an 'obligation to preserve evidence ... when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.'" *Browder v. City of Albuquerque*, 209 F. Supp. 3d 1236, 1243 (D.N.M. 2016) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003); citing *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001); *see also U.S. ex rel. Baker v. Cmty. Health Sys., Inc.*, No. CIV. 05–279 WJ/ACT, 2012 WL 12294413, at *2 (D.N.M. Aug. 31, 2012)).  "[T]he general rule is that '[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents.'" *Id.* (quoting *Zubulake*, 220 F.R.D. at 218).  The "litigation hold" applies to electronic data.  *See., e.g.*, *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620, 637 (D. Colo. 2007) (imposing sanctions for the destruction of electronic media).

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Motion to Supplement Complaint (ECF No. 30) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 31) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Authorization to Pay Filing Fees in Installments (ECF No. 32) is **denied in part and granted in part**.  Plaintiff's request to pay the filing fee in two installments is **denied**.  Plaintiff's request to voluntarily dismiss this action is **granted,** and ECF No. 32 is construed as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

**IT IS FURTHER ORDERED** that the voluntary dismissal is effective as of the date of this Order.

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice**.

**IT IS SO ORDERED.**

**DATED:  This 16th day of June, 2021, at Topeka, Kansas.**

<pre>
                              s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
</pre>